IN THE MATTER OF INVESTIGATION REGARDING RINGWOOD FACT FINDING COMMITTEE RE VIOLATION OF N. J. S. A. 19:34–38.1.

Superior Court of New Jersey
Appellate Division

Argued April 23, 1973—Decided June 22, 1973.

Before Judges LORA, ALLCORN and HANDLER.

Mr. *Joseph D. J. Gourley,* Passaic County Prosecutor, argued the cause for appellant (Mr. *Gary H. Schlyen,* Assistant Prosecutor, of counsel).

Mr. *Steven E. Pollan,* Deputy Attorney General, argued the cause for the State of New Jersey, Amicus Curiae (Mr. *George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

Mr. *Martin F. Murphy* argued the cause for respondent (Messrs. *Johnson, Johnson and Murphy,* attorneys).

PER CURIAM. *N. J. S. A.* 19:34–62 and *N. J. S. A.* 19:34–63 delineate the duties of the prosecutor and the court with respect to complaints of violations of the election laws, said legislation establishing procedures distinct and at vari-

ance with those customarily attendant upon the processing of criminal complaints generally.

■ Although a reading of *N. J. S. A.* 19:34–63 reveals no express authorization for the court to order a prosecutor to submit to the grand jury the results of his investigation of a complaint involving an alleged violation of the election laws, the Legislature, however, did specifically give the court the power to grant or deny a motion to dismiss an election complaint. By necessary implication from such grant of authority, the Legislature obviously intended to, and did in fact, vest the court with the correlative power to require the presentation of the matter to the grand jury.

Accordingly, the judgment of the Law Division directing the prosecutor to present the election complaint to the Passaic County grand jury is affirmed.

■ However, it has not been demonstrated that it is necessary that the citizens' retained attorney be in attendance at the presentation of this matter to the grand jury. Absent such request by the prosecutor or the grand jury, it is our view that said attorney is not entitled to and should not be permitted to be in attendance during the presentation of the case to the grand jury. Under no circumstances may said retained attorney be present during its deliberations. *R.* 3:6–6.

Affirmed as modified.